NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 7, 2020
Decided January 7, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-2448

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 4:18-CR-40040-SMY-1 |
| | |
| CHARLES SHARPE, JR., | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Charles Sharpe, Jr. pleaded guilty to one count of production of child pornography, 18 U.S.C. § 2251(a) and (e), and was sentenced to 282 months' imprisonment to be followed by five years' supervision. Sharpe seeks to appeal his judgment and sentence, but his lawyer asserts that the appeal is frivolous and asks permission to withdraw from representation. *See Anders v. California*, 386 U.S. 738 (1967). Sharpe has not responded to this motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that this kind of appeal might involve. The analysis in counsel's brief appears thorough, so we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Sharpe has told counsel that he does not want to contest his guilty plea, but counsel nonetheless considers whether Sharpe could challenge the adequacy of the plea colloquy or the voluntariness of his guilty plea. We have been clear, however, that counsel should not even explore challenges under Federal Rule of Criminal Procedure 11 unless the defendant "really wants to withdraw the guilty plea." *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667 (7th Cir. 2002).

Next, counsel asks whether Sharpe might challenge his sentence on procedural grounds. A district court would commit procedural error by incorrectly calculating the Guidelines range or by treating the Guidelines as mandatory. *See Gall v. United States*, 552 U.S. 38, 51 (2007). But here we could not conclude that the court miscalculated the Guidelines range. Sharpe had a criminal history category of I and a total offense level of 39, yielding a Guidelines range of 262–327 months' imprisonment, and he declined to object to these calculations.

Counsel then explores challenging the substantive reasonableness of Sharpe's sentence, and properly concludes that this challenge would be frivolous. A within-Guidelines sentence is presumptively reasonable. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018). Counsel identifies no basis to disturb that presumption here, nor do we see one. The court also justified the sentence based on factors in 18 U.S.C. § 3553(a), including the nature, circumstances, and seriousness of the offense (the judge said this was "the most egregious case of child sexual exploitation that I have dealt with to date") and the need to protect the public and deter future bad conduct (this was Sharpe's second sex-related offense, separated by over thirty years).

Finally, counsel properly determines that she could not raise any claim of ineffective assistance of counsel on Sharpe's behalf, because she was his attorney in the district court. She also correctly points out that such a claim is best saved for collateral review because the record here is too undeveloped to support such a claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

We GRANT counsel's motion to withdraw and DISMISS the appeal.